IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDDIE FRANKLIN MILLER, 1085236, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:06-CV-1802-K |
| ) | ECF |
| NATHANIEL QUARTERMAN, ) | |
| Director TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner challenges his conviction for burglary of a habitation with intent to commit sexual assault. *State of Texas v. Eddie Franklin Miller*, No. F01-00442-SV (292nd Dist. Ct., Dallas County, Tex., July 31, 2002)). On September 29, 2003, the Fifth District Court of Appeals affirmed Petitioner's conviction. *Miller v. State*, No. 05-02-01244-CR (Tex. App. – Dallas, Sept. 29, 2003, pet. ref'd). On April 21, 2004, the Court of Criminal Appeals denied the petition for discretionary review. *Miller v. State*, PDR No. 1769-03 (Tex. Crim. App. 2004). On November 1, 2004, the Supreme Court denied Petitioner's petition for writ of certiorari. *Miller v. Texas*, 543 U.S. 964 (2004).

On November 1, 2005, Petitioner filed a state application for writ of habeas corpus. *Ex*

*parte Miller*, Application No. 64,906-01.  On September 20, 2006, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On September 27, 2006, Petitioner filed this federal petition.  He argues:  (1) the evidence was legally and factually insufficient; and (2) he received ineffective assistance of counsel.

On December 13, 2006, Respondent filed his answer arguing the petition is time-barred. On January 8, 2007, Petitioner filed his traverse.  The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II.  Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On November 1, 2004, the United States Supreme Court denied Petitioner's petition for writ of certiorari. Petitioner's conviction therefore became final on that date. *See Howland v. Quaterman*, 507 F.3d 840, 843 (5th Cir. 2007 (finding that a conviction is final "when [the] petition for certiorari is denied by the Supreme Court, not when [the] petition for rehearing is denied or [the] time to file for rehearing expires." ); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (finding state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until November 1, 2005, to file his federal habeas petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On November 1, 2005, the last day of the limitations period, Petitioner filed a state application for habeas relief. This application tolled the limitations period until it was denied by the Court of Criminal Appeals on September 20, 2006. With one day remaining on the limitations period, Petitioner's federal petition became due on September 21, 2006. He

---

action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

did not file his petition until September 27, 2006.[2] His petition is therefore untimely.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because the Court of Criminal Appeals denied his habeas corpus petition on September 20, 2006, but he did not receive notification via mail until September 27, 2006. Petitioner, however, filed his state habeas petition on the last day of the limitations period. He therefore left himself insufficient time – just one day – to be notified by mail that his state petition had been denied and to file his federal petition. He provides no explanation for waiting until the last day of the limitations period to file his state habeas application. For equitable tolling to apply, the applicant must diligently pursue habeas

---

[2] A prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998). In this case, the petition is dated September 27, 2006. Petitioner therefore could not have delivered the petition for mailing earlier than that date.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**     Page -4-

corpus relief. *See Coleman,* 184 F.3d at 402 (5th Cir. 1999). Petitioner has failed to show that he diligently pursued his habeas remedies. He has also failed to show that was actively misled by the state about the cause of action or was prevented in some extraordinary way from asserting his rights. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 23rd day of January, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND <u>NOTICE OF RIGHT TO OBJECT</u>

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).